## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| JUSTIN TRONCOSO, Individually and for Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>ENTERPRISE PRODUCTS OPERATING LLC,<br><br>　　　　　　Defendant. | Case No. _____<br><br>Jury Trial Demanded<br><br>Class Action Pursuant to Fed. R. Civ. P. 23 |

## ORIGINAL CLASS ACTION COMPLAINT

### SUMMARY

1. Justin Troncoso ("Troncoso") brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Enterprise Products Operating, LLC ("Enterprise") under the New Mexico Minimum Wage Act ("NMMWA"), NMSA § 50-4-20, *et seq.*

2. Throughout the relevant period, Enterprise subjected Troncoso and the Putative Class Members (as defined below) to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

3. But Enterprise fails to provide these employees with *bona fide* meal periods.

4. Instead, Enterprise requires Troncoso and the Putative Class Members to remain on-duty throughout their shifts, continuously subjecting them to interruptions, even during their unpaid meal periods.

5. Thus, under Enterprise's common policies and practices, Troncoso and the Putative Class Members are not completely relieved of all duties during meal periods and are denied pay for those on-duty meal periods in violation of the NMMWA.

6. Troncoso brings this class action to recover unpaid overtime and other damages caused by Enterprise's unlawful conduct.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

8. Specifically, the matter in controversy is believed to exceed $5,000,000; at least one member of Troncoco's proposed class and Enterprise are citizens of different states; and Troncoso's proposed class is believed to exceed 100 members.

9. This Court has personal jurisdiction over Enterprise because Enterprise conducts substantial business in this District, including employing numerous workers, like Troncoso, in this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

11. Specifically, Troncoso worked for Enterprise in and around Farmington, New Mexico, which is in this District.

## THE PARTIES

12. Troncoso worked for Enterprise as a Gathering Technician in and around Farmington, New Mexico from approximately April 2013 until March 2022.

13. Throughout his employment with Enterprise, Enterprise classified Troncoso as non-exempt from overtime and paid him on an hourly basis plus overtime.

14. Troncoso written consent is attached as **Exhibit A**

15. Throughout his employment, Enterprise subjected Troncoso to its common practice of automatically deducting 30 minutes from his recorded hours worked and wages each shift for meal breaks.

16. Troncoso bring this action on behalf of himself and all other similarly situated hourly, non-exempt Enterprise employees who were subject to Enterprise's automatic meal period deduction policy.

17. Enterprise requires all these employees to remain on-duty during their unpaid meal periods in violation of the NMMWA.

18. Troncoso seeks certification of such a class under Fed. R. Civ. P. 23 and the NMMWA. The class of similarly situated Enterprise employees is defined as:

> **All current and former hourly, non-exempt Enterprise employees who worked in New Mexico and received an automatic meal period deduction at any time during the past three (3) years through the present ("Putative Class Members" or "Putative Class").**

19. The identities of the Putative Class Members can readily be ascertained from Enterprise's business and personnel records.

20. Defendant Enterprise Products Operating LLC is a Texas limited liability company that may be served with process by serving its registered agent: **Corporation Process Company, 726 E Michigan, Ste. 330, Hobbs, New Mexico 88240.**

## FACTUAL ALLEGATIONS

21. Enterprise is an indirect wholly owned subsidiary of Enterprise Products Partners, LP, which is a "leading North American provider of midstream energy services to producers and

consumers of natural gas, natural gas liquids (NGLs), crude oil, refined products and petrochemicals."[1]

22. Enterprise Product Partners, LP conducts its business through Enterprise and its consolidated subsidiaries.

23. To complete its business objectives, Enterprise hires personnel, including Troncoso and the Putative Class Members, to perform work on oil and gas pipelines in New Mexico.

24. Enterprise classifies these employees as non-exempt from overtime and pays them on an hourly basis.

25. These employees make up the proposed Putative Class.

26. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

27. Troncoso and the Putative Class Members performed their jobs under Enterprise's supervision, and using materials, equipment, and technology approved and supplied by Enterprise.

28. Enterprise requires Troncoso and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

29. At the end of each pay period, Troncoso and the Putative Class Members received wages from Enterprise that were determined by common systems and methods that Enterprise selected and controlled.

---

[1] https://www.enterpriseproducts.com/ (last visited February 5, 2023).

30. For example, Troncoso worked for Enterprise as an hourly, non-exempt Gathering Technician in and around Farmington, New Mexico from approximately April 2013 until March 2022.

31. Enterprise requires its hourly, non-exempt employees, including Troncoso and the Putative Class Members, to record their hours worked using Enterprise's timeclock system.

32. Further, Enterprise subjects its hourly, non-exempt employees, including Troncoso and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked and wages for meal periods.

33. Specifically, Enterprise automatically deducts 30-minutes from Troncoso and the Putative Class Members' time records and wages each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted 30-minute meal period.

34. But Enterprise fails to provide Troncoso and the Putative Class Members with *bona fide* meal periods.

35. Instead, Enterprise requires Troncoso and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

36. Thus, under Enterprise's common policies and practices, Troncoso and the Putative Class Members are not completely relieved of all duties during meal periods and are denied pay for those on-duty meal periods in violation of the NMMWA.

37. Troncoso worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

38. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

39. Indeed, Enterprise typically schedules Troncoso and the Putative Class Members to work 8- to 10-hour shifts for 6-7 days a week.

40. As a result, Troncoso and the Putative Class Members work 50 to 60 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

41. When Troncoso and the Putative Class Members worked more than 40 hours in a workweek, Enterprise did not pay them 1.5 times their regular hourly rate due to Enterprise's failure to include time worked during meal periods in these employees' total number of hours worked in a given workweek.

42. This unpaid time is compensable under the NMMWA because (1) Troncoso and the Putative Class Members were not completely relieved of all their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

43. Similarly, to complete their job duties and responsibilities in accordance with Enterprises' policies, procedures, and guidelines, Troncoso and the Putative Class Members routinely are required to work "off-the-clock" after their scheduled shifts.

44. But Enterprise does not pay Troncoso and the Putative Class Members for the work they perform "off-the-clock."

45. As a result, when Troncoso and the Putative Class Members worked more than 40 hours in a workweek, Enterprise did not pay them 1.5 times their regular hourly rate due to Enterprise's failure to include time worked "off-the-clock" in these employees' total number of hours worked in a given workweek.

46. Enterprise knew Troncoso and the Putative Class Members worked more than 40 hours in a week.

47. Enterprise knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Troncoso and the Putative Class Members of overtime compensation in violation of the NMMWA.

48. Enterprise and its affiliated entities have been sued before for wage and hour violations. *See Reed v. Enterprise Products Partners, LP, et al.*, No. 4:22-CV-00116 (S.D. Tex.); *Dunn v. Enterprise Products Operating, LLC*, No. 7:19-CV-00277 (W.D. Tex.); *Reeves v. Enterprise Products Partners, LP*, No. 4:19-CV-00570 (N.D. Okla.).

49. Nonetheless, Enterprise failed to pay Troncoso and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

50. Enterprise's failure to pay overtime compensation to Troncoso and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## CLASS ALLEGATIONS

51. Troncoso brings this case as a class action under Federal Rule of Civil Procedure 23 and the NMMWA.

52. The Putative Class Members were victimized by Enterprise's pattern, practice, and/or policy which is in willful violation of the NMMWA.

53. Other Putative Class Members worked with Troncoso and indicated they were paid in the same manner, performed similar work, and were subject to Enterprise's same automatic meal break deduction policy.

54. Based on his experiences with Enterprise, Troncoso is aware that Enterprise's illegal practices were imposed on the Putative Class Members.

55. The Putative Class Members are similarly situated in all relevant respects.

56. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

57. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

58. The overtime owed to Troncoso and the Putative Class Members will be calculated using the same records and using the same formula.

59. Troncoso's experiences are therefore typical of the experiences of the Putative Class Members.

60. The specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

61. The class is held together by Enterprise's uniform automatic meal break deduction policy that systematically deprived Troncoso and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

62. Troncoso has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class treatment.

63. Like each Putative Class Member, Troncoso has an interest in obtaining the unpaid overtime wages owed under state law.

64. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

65. Absent a class action, many Putative Class Members will not obtain redress of their injuries and Enterprise will reap the unjust benefits of violating the NMMWA.

66. Further, even if some of the Putative Class Members could afford individual litigation against Enterprise, it would be unduly burdensome to the judicial system.

67. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

68. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

69. Among the common questions of law and fact are:

   a. Whether Enterprise engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the NMMWA;

   b. Whether Enterprise's automatic meal break deduction policy deprived Troncoso and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the NMMWA;

   c. Whether Enterprise failed to pay Troncoso and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks or otherwise "off-the-clock," in violation of the NMMWA;

   d. Whether Enterprise knew, or had reason to know, Troncoso and the Putative Class Members were requested, suffered, permitted, or allowed to work hours off-the-clock, including during unpaid meal breaks, in violation of the NMMWA; and

   e. Whether Enterprise's violations of the NMMWA were willful.

70. Troncoso and the Putative Class Members sustained damages arising out of Enterprise's illegal and uniform employment policy.

71.     Troncoso knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

72.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Enterprise's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective treatment.

73.     Enterprise is liable under the NMMWA for failing to pay overtime to Troncoso and the Putative Class Members.

74.     Consistent with Enterprise's illegal automatic meal break deduction policy, Troncoso and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

75.     As part of their regular business practices, Enterprise intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the NMMWA with respect to Troncoso and the Putative Class Members.

76.     Enterprise's illegal automatic meal break deduction policy deprived Troncoso and the Putative Class Members of the premium overtime wages they are owed under federal and state law.

77.     Enterprise is aware, or should have been aware, that the NMMWA requires it to pay Troncoso and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

78.     The Putative Class Members are known to Enterprise, are readily identifiable, and can be located through Enterprise's records.

## CAUSE OF ACTION
## VIOLATIONS OF THE NMMWA

79. Troncoso realleges and incorporates all preceding allegations.

80. Troncoso brings his NMMWA claim as a class action under Fed. R. Civ. P. 23.

81. Enterprise violated, and is violating, the NMMWA by failing to pay Troncoso and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek.

82. At all relevant times, Enterprise was subject to the requirements of the NMMWA.

83. At all relevant times, Enterprise employed Troncoso and each Putative Class Member within the meaning of the NMMWA.

84. Throughout the relevant period, Enterprise expected and required Troncoso and the Putative Class Members to be available to work during their unpaid meal breaks, as well as to perform work "off-the-clock" either before and/or after their shifts.

85. Troncoso and the Putative Class Members have been harmed as a direct and proximate result of Enterprise's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Enterprise derived a direct and substantial benefit.

86. Enterprise's pay policies violate the NMMWA because they deprived Troncoso and the Putative Class Members of overtime at rates not less than 1 and ½ times their regular rates of pay for all hours worked in excess of 40 hours in a workweek. *See* NMSA § 50-4-22(D).

87. Enterprise knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Troncoso and the Putative Class Members overtime compensation.

88. Enterprise's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

89. Accordingly, Troncoso and the Putative Class Members are entitled to recover the difference between the rate Enterprise actually paid them and their proper overtime rates, treble damages (NMSA § 50-4-26(C)), and attorney's fees and costs (NMSA § 50-4-26(E)).

## JURY DEMAND

90. Troncoso demands a trial by jury.

## PRAYER

91. Troncoso prays for the following relief:

    a. An Order designating this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 under the NMMWA;

    b. An Order appointing Troncoso and his counsel as Class Counsel to represent the interests of the Putative Class;

    c. A Judgment awarding Troncoso and the Putative Class Members all unpaid overtime and other damages available under the NMMWA;

    d. An order awarding attorneys' fees, costs, and expenses;

    e. Pre- and post-judgment interest at the highest applicable rates; and

    f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR IN CHARGE FOR PLAINTIFF**